HEARD NOVEMBER TERM, 1873.

## HAND *vs.* SAVANNAH & CHARLESTON RAILROAD COMPANY.

Appeal "dismissed for irregularity, without prejudice," because certain important questions were not directly, or in terms, decided in the decree appealed from.

BEFORE GRAHAM, J., AT CHARLESTON, JUNE TERM, 1872.

The grounds and reasons for the dismissal of the appeal are fully set forth in the opinion of the Court.

*Campbell*, with whom was *Porter, McCrady* and *Magrath*, for appellants.

*Chamberlain, Buist & Buist*, contra.

April 4, 1874. The opinion of the Court was delivered by

Moses, C. J.   It is a matter of regret to the Court that the case is not in a proper condition to be reviewed on appeal so that a judgment might be reached, which would be conclusive, at least, so far as its jurisdiction is concerned.   This regret is much enhanced by the fact that, notwithstanding a re-argument has been had, it must be remanded to the Circuit Court for further proceeding to place it in a proper position for determination here.

The complaint, as we regard it, and we do not see any other aspect in which it can be viewed, is one filed by a creditor of the Charleston & Savannah Railroad Company on his own behalf, and that of " all other creditors standing in the same right, plight and condition as himself, who shall in due time come in and contribute to the expenses of the action."

It sets out the material provisions of the Act of 20th December, 1856, 12 Stat., 543, by which the State authorized the Governor, on certain conditions being complied with, to cause the Comptroller General to endorse the bonds of the said company to the amount of $505,000, bearing interest at the rate of six per centum per annum, payable semi-annually, and not to have more than twenty years to mature.

That, when so endorsed, the State shall be invested with a lien, without a deed from the company, upon the entire road, including the stock, &c., and all the property owned by the company, as incident to, or necessary for, its business, for the payment of the bonds so endorsed, and for the interest accruing on said bonds.

That it shall not be lawful for said company to give or create any lien, incumbrance or mortgage which shall have priority or conflict with the lien of the State therein secured, and any such lien, incumbrance or mortgage shall be null and void against the lien or mortgage of the State, which shall have priority over all other claims existing, or to exist against said company.

That the plaintiff is the holder of a large amount of bonds and coupons, issued under the provisions of the said Act.   It then sets out the provisions of the Act of 21st December, 1866, 13 Stat., 438,

by which certain parties who had purchased the road of the said company, under a mortgage executed in 1858, to I. W. Hayne and others, as trustees, to secure an issue of bonds to the amount of one million of dollars, were constituted a body corporate and politic, under the style of The Savannah and Charleston Railroad Company, and invested with all the rights, powers and franchises of the C. & S. R. R. Co., requiring that the said company, thus substituted, should assume, and be held liable for the payment of the six per cent. interest-bearing bonds of the said C. & S. R. R. Co., whereon the guaranty of the State had been endorsed, and that the lien of the State was in every respect preserved, and thereby affirmed.

That by an Act of March 2, 1869, 14 Stat., 201, the said S. & C. R. R. Co. were authorized to borrow not more than $500,000, to be used in rebuilding and extending their road.

That, as plaintiff has understood, under the authority thus given, bonds to a large amount were issued, and a mortgage of the road and its appurtenances to secure them, was executed to William Aiken, George W. Williams, and James Robb, as trustees.

That the creditors who, like the plaintiff, are the holders and owners of the said 6 per cent. bonds, or coupons, issued under the Act of 1856, and now past due, are entitled to the security of the mortgage created by it, for the sums now due them.

After the usual statement of demand and non-payment, he prays judgment: That an account may be taken of the amount due him upon the bonds and coupons; that, in default of payment by a certain day, the said S. and C. R. R., with all its rights, &c., may be ordered for sale to satisfy the claim so due him and the other creditors of the said company, whose claims, like his, are secured by the mortgage of the road created by the Act of 1856; that creditors may be called in, according to the usual course of the Court, to prove their claims under the said mortgage; that a Receiver may be appointed, and the plaintiff have such other relief, &c.

The parties made defendants are the S. and C. R. R. Co., William Aiken and his co-trustees, and D. H. Chamberlain, Attorney General of the State.

The statement attached to the complaint shows that the claim is only on coupons and interest, dating from March 1, 1861, to March 1, 1869, both inclusive.

The Attorney General, answering for and on behalf of the State, without affirming or denying any allegations of the complaint, submits the rights of the State to the judgment and protection of the Court, being content with the relief, if any, which may be afforded to the plaintiff, suing on behalf of himself and all other creditors of the S. and C. R. R. Co. standing in the same plight and condition with him. After demurrers filed by the said company, and also by Aiken and his co-trustees, the plaintiff was allowed to amend his complaint, by alleging that the said S. and C. R. R. Co., organized as a body corporate, and accepted the provisions of the Act so incorporating it, and, among others, the 20th Section, which provides that it shall assume and be held liable for the payment of the bonds issued under the Act of 1856, and that therefrom it voluntarily assumed and became obligated and bound to pay to the plaintiff, and all other holders of said bonds, the principal sum thereof, and also the coupons thereto attached.

And, further alleging that the General Assembly, recognizing by said Act of March 2, 1869, the liability of the said company for the bonds issued under the Act of 1856, and the coupons thereto attached, with a view still further to assist it, authorized and required it to fund and redeem the interest on the said bonds which may be past due, or fall due before the 1st day of September, 1869, by issuing therefor an equal amount of the bonds of the said S. and C. R. R. Co., with coupons attached for interest payable semi-annually, at the rate of 7 per cent. per annum, the principal to become due in twenty years from the date thereof, and the bonds so to issue, in substitution of interest coupons, shall be guaranteed by the State, in the same manner and as fully as the original bonds of the C. and S. R. R. Co. are now guaranteed. And, further, by setting out the respective sums and interest on which judgment is demanded.

The answer of Aiken and his co-trustees admits the execution of the mortgage, under the Act of 1869, in trust for the purposes therein declared; that they are only trustees to provide for and secure the payment of the bonds and interest issued under its authority, and have nothing to do with the demands of the plaintiff against the C. & S. R. R. Co., nor have they anything to do with his demands against the S. & C. R. R. Co., except so far as he may be the holder of any of the bonds issued by the latter, as aforesaid.

The answer of the S. & C. R. R. Co., in effect, admits the passage

of the various Acts referred to in the complaint, and brings particularly to notice the fifth Section of that of 1856, which is in the words following: "That the State expressly reserves the right to enact hereafter all such laws as may be deemed necessary to protect the interests of the State, and to secure it against any loss in consequence of the endorsing of bonds, under the provisions of this Act, but in such manner as not to impair the vested rights of the stockholders of the company."

It claims that the statutory lien is a counter security to the State to protect against loss by reason of the guaranty and endorsement of said bonds, and not to the holders of them, and that, by virtue of the fifth Section of the Act, the said company is to deal with the State in respect thereof, and not with the holders of said bonds.

It admits that, by acceptance of the Act of 1866, creating them a body corporate, they fully recognized the statutory lien on their road, created by the Act of 1856, and that they agreed with the State to assume payment of the six per cent. bonds, and that the lien of the State should be preserved.

It claims that, under the Act of 1869, the only terms imposed upon them were the funding and redemption of the coupons for interest of the bonds of the C. & S. R. R. Co. then past due, and which would fall due on or before the 1st September, 1869, by issuing an equal amount of their bonds, with coupons for interest, payable semi-annually, at seven per cent. per annum on the principal, to become due in twenty years; that, accepting the terms of said Act, their agreement is with the State, and not the plaintiff, and the construction of it is for the State. That the statutory lien is a counter security to the State, and not to the holders of the bonds, and that, by virtue of the fifth Section of the Act of 1856, the said defendants are to deal with the State in respect thereof, and not with the holders. It denies, in conclusion, any cause of action on the part of the plaintiff.

We have set out at sufficient length so much of the pleadings as will at once present the issues raised between the parties. In our judgment, they involve two questions: First, the liability of the S. & C. R. R. Co. for claims of the character of those represented by the plaintiff, under the 20th Section of the Act of 1866; and, second, the right of this plaintiff, and all in his condition, to enforce the demands which they hold, as stated in the complaint, through and by virtue of the lien or mortgage created and imposed by, the

Act of 1856, thus substituting them in the place of the State, and according to them the security which it provided to indemnify itself for the guarantee of the said bonds. This right is really the material matter in contest between the parties; for, assuming that the company, under the Act of 1866, may be liable for the bonds and coupons issued under that of 1856, if its whole road and property are covered by a prior lien, of which the plaintiff cannot avail himself, a mere judgment against the company would not prove effectual in compelling satisfaction of the debts which they hold.

The judgment of the Circuit Court affirms the liability of the S. & C. R. R. Co. for the coupons and bonds issued under the Act of 1856, by the C. & S. R. R. Co., together with the accruing interest from the maturity of the same, by virtue of the requirement of the Act of 1866, which, in the language of the decree, "extended the liability of the first named company to the payment of the said bonds and the interest then unpaid; and this liability covers and attaches both to the bonds and coupons, whenever and by whomsoever held."

It holds that "the Act of March, 1869, could not and was not intended to vary, impair or affect either the liability of the S. & C. R. R. Co., for the payment of the principal and interest of the bonds of the C. & S. R. R. Co., issued under the Act of 1856, or the liability of the State, by virtue of its endorsement, for the payment of the principal and interest upon the failure of the said company to do so."

It then orders a call for all persons holding past due coupons of the bonds of the C. & S. R. R. Co. to present and prove them by a certain day, or be debarred from the benefit of any decree which may be hereafter made in the case.

It orders the Referee to file his report by a certain day, "setting forth the amount due on coupons of the bonds of the said C. & S. R. R. Co. held by the plaintiff, and all others who are holders of the same, who shall prove their claims under the order, to the end that such further order may be made as the said plaintiff and other holders of the said coupons may of right be entitled to, for the satisfaction of their claims on the same."

Now, in our judgment, the character of the relief to which the said parties were entitled was the very matter to be determined in the case. This depended on the effect of the Act of 1856 creating the lien or mortgage, and the right reserved to the State by the

fifth Section to change or modify it, by the enactment of all such laws as might seem necessary to protect its interests. Not only did it involve the right of the State to impair the lien which it accepted as a security for its guarantee of the bonds, but rendered necessary the inquiry whether by the Act of 1869 it had so done, and how far the power to deal according to its mere will with its statutory lien could be restrained by those who, on the faith of its guarantee, had purchased the bonds.

While the Circuit decree establishes the liability of the S. & C. R. R. Co. for the bonds issued by the C. & S. R. R. Co. under the Act of 1856, it is nothing more than the declaration of a mere liability, to be enforced through an action at law, and not requiring the remedy to which the plaintiff has resorted. The plaintiff here claims to be subrogated to the rights of the State, and unless he can prevail in his assertion, the foreclosure for the purpose of providing the means of paying his demand set up in the complaint could not be ordered.

It was only through the foreclosure of the mortgage that his claim, under the proceeding which he has selected, could be satisfied, and if he was not in a position to enforce it he was without remedy in the jurisdiction to which he applied.

It would seem that the solution of the main question before the Circuit Court depended on the right of the State to postpone, as it proposed to do by the Act of 1869, the lien created by the Act of 1856, and make it a second lien, to the prejudice of the interests which the plaintiff contends he acquired under the first lien.

These are the material propositions to be decided before a foreclosure on behalf of the plaintiff can be decreed. There are others of less important consequence made by the answer, which, too, must first be determined before the relief sought by the complaint can be granted.

But, in fact, the right to a foreclosure has not been adjudged. So far from it, the order, to which " the said plaintiff and the other holders of the said coupons may of right be entitled for the satisfaction of the principal and interest on their claims," is to be made after the amount which may be due on them is ascertained and reported by the Referee. The proper course was first to determine their right to set up the lien or mortgage, and then, if this was decided in their favor, to ascertain the respective amounts due the holders of the coupons, who were to be satisfied by its foreclosure.

It is true that the case has been argued, as if the right of this plaintiff, and those in his position, to a foreclosure, by virtue of the Act of 1856, had been recognized by the decree, and the objection we now interpose should have been made at an earlier period. Nevertheless the questions involved are important, and we must forbear their decision until they reach this Court through the judgment of the Court below.

Nor do we intend to define the nature of the issues which may properly arise under the pleadings, or to limit the control of the Circuit Court over the case.

The appeal is dismissed for irregularity without prejudice.

*Wright*, A. J., and *Willard*, A. J., concurred.